Gregg D. Trautmann, Esq.
TRAUTMANN & ASSOCIATES, L.L.C.
262 East Main Street
Rockaway, New Jersey 07866
(973) 316-8100
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUZANNE THOMSON and ROBERT TRAUTMANN, on behalf of themselves and all others similarly situated<br><br>    Plaintiff<br><br>    v.<br><br>MENU FOODS INCOME FUND (A Corporation organized under the laws of Canada); JOHN DOES 1 – 100 (Fictitious names for the person(s) and/or entities responsible for the damages complained of by the Plaintiffs herein)<br><br>    Defendants | Civil Action No.: 2:07-cv-<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

## Civ. Rule 10.1 Statement

**PLAINTIFF:**

SUZANNE THOMSON

3379 Route 46, Apartment 9-F, Parsippany, New Jersey, 07054

ROBERT TRAUTMANN

3379 Route 46, Apartment 9-F, Parsippany, New Jersey, 07054

**DEFENDANTS:**

MENU FOODS INCOME FUND, 8 Falconer Drive, Streetsville, Ontario, Canada L5N 1B1.

## JURISDICTION

1. Plaintiffs bring this action against defendants to redress violations of the statutes of the State of New Jersey and the common law.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391.

4. Service may be effected upon the defendant pursuant to the relevant portions of the Hague Convention.

## CLASS STATUS

1. The Plaintiffs bring their claims individually and on behalf of all others similarly situated.

2. The class consists of owners of pets throughout the United States who purchased tainted foods manufactured by the Defendant, subsequently fed the tainted foods to their pets, causing illness to their pets for which the class members were forced to seek veterinarian care for the pets or causing death to the pet.

3. The class is so large that it is impracticable to join all members of the class in a single lawsuit.

4. There are questions of law common to the claims of all members of the class.

5. There are questions of fact common to the claims of all member of the class.

6. The claims of the named Plaintiffs herein are typical of the claims of the members of the class.

7. The prosecution of separate claims by the members of the class would create an unreasonable risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

8. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members.

9. A class action lawsuit is the superior method of handling the claims of the members of this class.

## FACTS COMMON TO ALL COUNTS OF COMPLAINT

1. The named Plaintiffs herein are husband and wife and have at all relevant times been residents of the State of New Jersey.

2. The Defendant herein is, upon information and belief, a Canadian corporation organized under the laws of that nation for the purpose of the manufacture and sale of pet foods.

3. The Defendant manufacturers pet foods that are sold under various brand names throughout the world.

4. The Plaintiffs are the owners of a purebred Himalayan cat that is kept as a pet, which was purchased in October 2006.

5. Since the time the cat was purchased, the Plaintiffs have fed her "cuts and gravy" style cat food manufactured by the Defendant and sold under the Iams brand name.

6. On or about Tuesday, March 13, 2007 the Plaintiff's cat began showing signs of illness including experiencing abdominal pain (as evidenced by loud cries when touched in that area) as well as sever and consistent diarrhea.

7. The following day, the cat's illness progressed and the cat refused either eat any food or drink any water, continued experiencing abdominal pain as well as sever and consistent diarrhea, and became lethargic.

8. The symptoms demonstrated by the cat owned by the named Plaintiffs herein are the same as reported by members of the plaintiff class throughout the United States.

9. On Thursday, March 15, 2007 the Plaintiff's sought veterinarian treatment for their cat.

10. At that time the veterinarian noted the abdominal pain and performed X-ray examinations to rule out any obstruction or foreign object ingestion.

11. The X-ray examination revealed that the cat's gastrointestinal tract was free from any blockage or other foreign object.

12. Because of the non-specific nature of the cat's symptoms, the veterinarian prescribed a medication for possible parasites and advised that if the cat's condition did not improve within the subsequent 48-hour period, further, more aggressive steps would need to be taken.

13. For the 48-hours subsequent to the veterinarian care received by the cat, the cat's condition did not improve.

14. On Saturday, March 17, 2007, a family member notified the Plaintiffs that the brand and style food that they fed to their cat had been recalled by the manufacturer.

15. The press release issued by the Defendant on March 16, 2007, indicated that the "cuts and gravy" style cat food was being recalled.

16. The reason for the recall was complaints about renal failure in pets who ingested the "cuts and gravy" style food.

17. The signs of renal failure include the same symptoms shown by the Plaintiff's cat.

18. Immediately upon learning about the recalled food and the potential renal failure in their cat, the Plaintiffs rushed their cat to an emergency veterinarian hospital for treatment.

19. The cat was noted as being severely dehydrated by the staff at the emergency veterinarian hospital.

20. The cat was noted as having non-specific signs of infection and was immediately placed on intravenous fluids and medications.

21. The cat was hospitalized and monitored for approximately 24 hours.

22. The Plaintiffs herein expended over $1,000.00 for the care of their pet as a direct result of the animal ingesting tainted food manufactured by the Defendant.

23. The damages suffered by the Plaintiffs herein are similar to all members of the plaintiff class throughout the United States.

24. The aggregate claims of the members of the plaintiff class exceed $75,000.00.

## COUNT ONE
## (Product Liability)

25. The Plaintiffs repeat and reallege all of the allegations and statements set forth in each of the preceding paragraphs as if set forth herein at length.

26. The Defendant is a manufacturer of pet foods, which include the pet food purchased by the Plaintiff that was subsequently fed to the Plaintiff's pet cat as well as the pets belonging to all other members of the plaintiff class.

27. The pet food manufactured by the Defendant contained a material defect at the time it was manufactured.

28. Upon information and belief the material defect was from an ingredient known as "whey gluten."

29. Upon information and belief the defect contained within the "whey gluten" was a poison known as "aminopterin."

30. Aminopterin is used in some countries as rat poison.

31. The inclusion of the tainted ingredient is a deviation from the formula specifications of the pet food.

32. The inclusion of the tainted ingredient is a deviation from the performance of standards of the Defendant.

33. The inclusion of the tainted ingredient is a deviation from identical units manufactured by the Defendant using the same manufacturing specifications and/or formula.

34. The defect was present in the product prior to the product leaving the Defendant's control.

35. The Plaintiffs herein together with all other members of the plaintiff class are reasonably foreseeable users of the Defendant's products.

36. The Plaintiff's herein, along with all other members of the plaintiff class, used the Defendant's product in a reasonably foreseeable fashion.

37. The pet food manufactured by the Defendant was not reasonably fit, suitable, or safe for its intended purpose.

38. As a result of feeding the pet food manufactured by the Defendant which contained aforementioned product defect, the Plaintiffs, along with all other members of the Plaintiff class, have been damaged.

39. The Defendant is strictly liable for defects contained in the products it manufactures.

**WHEREFORE**, the Plaintiffs, on their own behalf and on behalf of all others similarly situated, demand judgment against the Defendant on COUNT ONE of their Complaint, for:

   a. Compensatory damages;

   b. Consequential damages;

   c. Incidental damages;

   d. Attorneys fees, costs, costs of investigation, litigation and interest;

   e. For such further relief as the Court deems equitable and just;

## COUNT TWO
### (Breech of Implied Warranty of Fitness for Particular Purpose)

40. The Plaintiffs repeat and reallege all of the allegations and statements set forth in each of the preceding paragraphs as if set forth herein at length.

41. At all times relevant the Plaintiffs and all other members of the plaintiff class used the pet food manufactured by the Defendant as food for their pets.

42. The pet foods purchased by the Plaintiffs and all other members of the plaintiff class were sealed in the original packaging from the Defendant at the time they were purchased and remained so up until the time of their use.

43. The Plaintiff's fed the tainted pet food manufactured by the Defendant to their pet cat.

44. All other members of the plaintiff class fed the tainted pet foods to their pets.

45. As a result of the defect in the pet food, the Plaintiffs' cat along with the pets belonging to the other members of the plaintiff class became severely ill and required veterinarian treatment at great expense to the Plaintiffs and all other members of the plaintiff class.

46. The Defendant, in releasing the pet food it manufactured to various distributors and into the stream of commerce, impliedly warranted that the pet food it manufactured was fit for consumption by pets and that it was safe and suitable for that purpose.

47. In purchasing and using the pet food manufactured by the Defendant, the Plaintiffs and all other members of the plaintiff class relied on the Defendant's skill and judgment as well as the implied warranty of fitness for the purpose for which the Plaintiffs and all other members of the plaintiff class purchased and used the pet food.

48. The pet food manufactured by the Defendant was not fit for its intended purpose and as a result of the Defendant's breach of warranty of fitness of the pet food the Plaintiffs and all other members of the plaintiff class have sustained damages.

49. The Defendant is on notice of the defect contained within its product as the Defendant issued a press release wherein it acknowledged the defect and recalled the defective products on March 16, 2007.

**WHEREFORE**, the Plaintiffs, on their own behalf and on behalf of all others similarly situated, demand judgment against the Defendant on COUNT THREE of their Complaint, for:

    a. Compensatory damages;

    b. Consequential damages;

    c. Incidental damages;

    d. Attorneys fees, costs, costs of investigation, litigation and interest;

    e. For such further relief as the Court deems equitable and just;

## COUNT THREE
### (Breach Of Contract)

50.     The Plaintiffs repeat and reallege all of the allegations and statements set forth in each of the preceding paragraphs as if set forth herein at length.

51.     The parties hereto were parties to an implied contract for the manufacture and purchase of pet food.

52.     Pursuant to that agreement the Defendant had an affirmative duty to ensure that the pet foods it manufactured were fit for consumption.

53.     The pet food manufactured by the Defendant was not fit for consumption.

54.     The Defendant breached the agreement it had with the Plaintiffs and all other members of the plaintiff class when it failed to ensure the pet foods it manufactured were fit for consumption.

55.     As a direct and proximate result of the breaches referenced in the preceding paragraphs, the Plaintiffs and all other members of the plaintiff class have been damaged.

**WHEREFORE**, the Plaintiffs, on their own behalf and on behalf of all others similarly situated, demand judgment against the Defendant on COUNT THREE of their Complaint, for:

    a.  Compensatory damages;

    b.  Consequential damages;

    c.  Incidental damages;

    d.  Attorneys fees, costs, costs of investigation, litigation and interest;

    e.  For such further relief as the Court deems equitable and just;

## COUNT FOUR
### (Negligence)

56. The Plaintiffs repeat and reallege all of the allegations and statements set forth in each of the preceding paragraphs as if set forth herein at length.

57. The Defendant owed a duty to the Plaintiffs as well as all other members of the plaintiff class to ensure that the pet foods it manufactured were fit for consumption.

58. The pet foods manufactured by the Defendant were not fit for consumption.

59. When the Plaintiff's pet ingested the pet foods manufactured by the Defendant, the Plaintiff's pet became severely ill.

60. Similarly the pets owned by the other members of the plaintiff class became ill after having ingested the tainted pet food manufactured by the Defendant.

61. As a result the Plaintiffs and all other members of the class were forced to seek veterinarian treatment for their pet, causing the Plaintiffs and all other members of the plaintiff class to suffer damages.

62. Further evidence of the Defendant's negligence can be found in their violation of the Federal Food, Drug, and Cosmetic Act codified at 21 U.S.C. 301.

63. The damages suffered by the Plaintiffs and all other members of the plaintiff class were as a direct and proximate cause of the Defendant's breach of their duty to ensure that the pet foods it manufactured were fit for consumption.

**WHEREFORE**, the Plaintiffs, on their own behalf and on behalf of all others similarly situated, demand judgment against the Defendant on COUNT FOUR of their Complaint, for:

    a.    Compensatory damages;

      b.      Consequential damages;

      c.      Incidental damages;

      d.      Attorneys fees, costs, costs of investigation, litigation and interest;

      e.      For such further relief as the Court deems equitable and just;

## REQUEST FOR DISCOVERY

Please be advised that pursuant to Federal Rule of Civ. Proc. 26, demand is hereby made for all parties to this action to provide to the Plaintiffs all discovery as to all issues.

## DEMAND FOR JURY TRIAL

Please take notice that the Plaintiffs hereby demand a trial by jury on all claims so triable in the above captioned matter.

## DESIGNATION OF TRIAL ATTORNEY

Please Take Notice, that Gregg D. Trautmann, Esq. of the law firm of Trautmann & Associates, LLC, is hereby designated as trial attorney for the Plaintiffs in the above captioned matter.

TRAUTMANN & ASSOCIATES, LLC
Attorneys for Plaintiff

Date: March 23, 2007      By: /s/ *Gregg D. Trautmann, Esq.*
      Gregg D. Trautmann, Esq. (GT3687)